UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
─────────────────────────────────────X   For Online Publication Only
ANTHONY MISSERE,

            Plaintiff,

     -against-                                  **ORDER**
                                                      15-CV-771 (JMA) (AYS)
ST. JOHN'S UNIVERSITY,

            Defendant.
─────────────────────────────────────X

**AZRACK, United States District Judge:**

Before the Court are objections filed by plaintiff, Anthony Missere, to Magistrate Judge Shield's January 19, 2018 Report and Recommendation ("R&R").

Plaintiff initiated this action on February 13, 2015 against his employer St. John's University ("SJU" or "defendant"), pursuant to Section 301 of the Labor Management Relations Act ("LMRA"). Plaintiff alleges that the SJU chapter of the American Association of University Professors ("AAUP") and the Faculty Association ("FA"), two labor organizations who jointly represent SJU's unionized faculty (collectively the "Unions"), breached their duty of fair representation regarding their processing of the plaintiff's grievances.

On August 18, 2017, defendant filed a motion to dismiss plaintiff's claims. The Court referred the motion to Judge Shields for a report and recommendation on December 15, 2017. The R&R concludes that plaintiff's claims are time-barred and recommends that defendant's motion to dismiss be granted and plaintiff's claims be dismissed with prejudice. Having conducted a review of the full record and the applicable law, for the following reasons, the Court adopts the R&R in its entirety as the opinion of the Court.

1

## I.   STANDARD OF REVIEW

In reviewing a magistrate judge's report and recommendation, the court must "make a de novo determination of those portions of the report or . . . recommendations to which objection[s] [are] made." 28 U.S.C. § 636(b)(1)(C); see also Brown v. Ebert, No. 05–CV–5579, 2006 WL 3851152, at *2 (S.D.N.Y. Dec. 29, 2006).  The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Those portions of a report and recommendation to which there is no specific reasoned objection are reviewed for clear error.  See Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008).

## II.   DISCUSSION

Plaintiff objects to the R&R on three grounds.  As an initial matter, plaintiff's cursory arguments on each of these points, which are largely devoid of citations to any authority, do not constitute specific reasoned objections and, thus, are insufficient to trigger de novo review. Moreover, plaintiff's objections are meritless.

With regard to plaintiff's first objection, the Court agrees with defendant that plaintiff's argument does not offer any basis to challenge the R&R's conclusion that plaintiff's claims are time-barred.

Plaintiff's second objection equally lacks merit.  Plaintiff argues that the R&R erroneously relied on White v. White Rose Food, a Div. of DiGiorgio Corp., 128 F.3d 110 (2d Cir. 1997). Plaintiff states that although "it may be arguable that a 301 claim against the Unions [was] time barred when the action was commenced, the White decision illustrates that a time-barred claim against a union does not necessarily time-bar a claim against the employer."  (Pl.'s Obj. at 2.) However, White does not help plaintiff here.  In White, the plaintiff filed a claim against his employer within the six-month limitations period and attempted to join his union as a defendant

more than two years later.  128 F.3d at 114.  The Second Circuit held that the untimeliness of plaintiff's claim against the union had no bearing on plaintiff's timely claim against his employer and that plaintiff's claim against his employer could proceed.  Id. at 116.  Here, by contrast, plaintiff's claim against his employer is untimely for the same reasons that any claims against the Unions would be untimely.

As to plaintiff's third objection, plaintiff argues that that the R&R incorrectly applied the limitations period contained in N.Y. CPLR § 7511 to his application to vacate the arbitration award.  As the R&R explained, plaintiff failed to address the vacatur of the arbitration decision in his opposition papers and, thus, effectively conceded that he is time-barred from seeking to have the arbitration award vacated.  (R&R at 10.)  Plaintiff's failure to advance this argument in his original opposition precludes him from raising this argument in his objection.  In any event, plaintiff's argument is meritless.

For the reasons stated above, the Court overrules plaintiffs' objection and adopts the R&R in its entirety.  Accordingly, the Court grants defendants' motion to dismiss, and dismisses all the claims brought by Anthony Missere with prejudice.

**SO ORDERED.**

Dated: March 31, 2018
Central Islip, New York

        /s/  (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE